UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

---

STONEY MURRAY #249363,

        Plaintiff,

v.

DENVER MCBURNEY, et al.,

        Defendants.
_____/

Case No. 2:07-cv-250

Honorable Robert Holmes Bell

## REPORT AND RECOMMENDATION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial partial filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, I recommend that Plaintiff's complaint be dismissed for failure to state a claim.

**Discussion**

I.      Factual allegations

Plaintiff Stoney Murray #249363, an inmate at the Alger Maximum Correctional Facility, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Resident Unit Manager Denver McBurney, Hearing Officer Linda Maki, Resident Unit Manager Richard Rife, Assistant Deputy Warden Lyle Rutter, Warden David Bergh, Administrative Grievance and Appeals Coordinator James Armstrong, Rehearing Request Reviewer Jane Doe, a/k/a MDY, Administrator of the Office of Policy Richard B. Stapleton, and MDOC Director Patricia L. Caruso.

Plaintiff alleges in his complaint that he received a misconduct ticket on February 5, 2007, for creating a disturbance. Plaintiff claims that on February 23, 2007, a hearing was held on the misconduct without Plaintiff's knowledge. Defendant Maki claimed that she had been informed by Defendant McBurney that Plaintiff had refused to attend the hearing. Plaintiff states that Defendant Maki knew or should have known that in order for him to give up his right to attend the hearing, he must have signed a waiver. Plaintiff filed a grievance on this issue and appealed the denial of his grievance to step III. Plaintiff states that Defendants' conduct violated his right to procedural due process. Plaintiff seeks damages and equitable relief.

II.     Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under

color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff claims that he was improperly convicted of a major misconduct. He also claims that he was not informed of the hearing, so could not present arguments in his defense. The Supreme Court has held that a claim for equitable relief and monetary damages that necessarily implies the invalidity of the punishment imposed, is not cognizable under § 1983 until the conviction has been overturned. *Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (addressing allegations of deceit and bias on the part of the decisionmaker in a misconduct hearing). The Court relied upon *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), which held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, *or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid,* a § 1983 plaintiff must prove that the conviction or sentence has been [overturned]." *Edwards*, 520 U.S. at 646 (emphasis in original). As the Supreme Court recently has stated, "[t]hese cases, taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 125 S. Ct. 1242, 1248 (2005). Thus, where a prisoner's claim of unfair procedures in a disciplinary hearing necessarily implies the invalidity of the deprivation of good-time credits, his claim is not cognizable under § 1983. *Id.*; *see also Bailey v. McCoy*, No. 98-1746, 1999 WL 777351, at *2 (6th Cir. Sept. 21, 1999) (collecting Sixth Circuit

decisions applying *Edwards* to procedural due process challenges), *cert. denied*, 122 S. Ct. 1795 (2002). *See also Muhammad v. Close*, 540 U.S. 749 (2004) (holding that the *Heck-Edwards* bar applies to prison misconduct challenges only when good-time credits are implicated).

In *Muhammad v. Close*, 540 U.S. 749 (2004), the Supreme Court clarified that *Edwards* requires the favorable termination of a disciplinary proceeding before a civil rights action may be filed only in cases where the duration of the prisoner's sentence is affected. *See Johnson v. Coolman*, No. 03-1909, 2004 WL 1367271, at *1 (6th Cir. June 15, 2004). In other words, *Edwards* still applies where a plaintiff has lost good time as the result of the misconduct conviction. Under Michigan law, a prisoner loses good time credits for the month of his major misconduct disciplinary conviction. *See* MICH. COMP. LAWS § 800.33. In addition, the warden may order forfeiture of previously accumulated credits in cases. *Id.* Plaintiff does not assert that he did not forfeit good time credit for the month of his conviction. Accordingly, Plaintiff's claim remains noncognizable under § 1983 because a ruling on the claim would, if established, necessarily imply the invalidity of his disciplinary conviction. *See Shavers v. Stapleton*, No. 03-2210, 2004 WL 1303359, at *1 (6th Cir. June 9, 2004).

Under Michigan law, a prisoner may seek a rehearing of a decision made by the Hearings Division within thirty calendar days after a copy of the Misconduct Report is received. MICH. COMP. LAWS § 791.254; Policy Directive 03.03.105, ¶ DDD. Upon denial of his motion for rehearing, a prisoner may file an application for leave to appeal in the state circuit court. *See* MICH. COMP. LAWS § 791.255(2); Policy Directive 03.03.105, ¶ GGG (concerning appeal). If he is not

successful, he may then seek to overturn the convictions by bringing a federal habeas corpus action.[1]  Accordingly, because Plaintiff has not shown that his conviction has been invalidated, his claim is not presently cognizable.  He therefore fails to state a claim on which relief can be granted.  *See Morris v. Cason*, No. 02-2460, 2004 WL 1326066 (6th Cir. June 10, 2004) (a claim barred by *Heck* is properly dismissed for failure to state a claim); *Murray v. Evert*, No. 03-1411, 2003 WL 22976618 (6th Cir. Dec. 8, 2003) (same); *Harris v. Truesdell*, No. 03-1440, 2003 WL 22435646 (6th Cir. Oct. 23, 2003) (*Heck*-barred claim fails to state a claim and is frivolous).

### Recommended Disposition

Having conducted the review now required by the Prison Litigation Reform Act, I recommend that Plaintiff's complaint be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).  Should this report and recommendation be adopted, the dismissal of this action will count as a strike for purposes of 28 U.S.C. § 1915(g).

I further recommend that the Court find no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).

    /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   January 17, 2008

---

[1] A misconduct conviction results in the loss of good-time credits, which is equivalent to a loss of a "shortened prison sentence."  *See Wolff v. McDonnell*, 418 U.S. 539, 556-57 (1974).  A challenge to a "shortened prison sentence" is a challenge to the fact or duration of confinement that is properly brought as an action for habeas corpus relief.  *See Preiser v. Rodriguez*, 411 U.S. 475 (1973).  However, a prisoner must exhaust available state remedies before bringing a habeas corpus action, which would include appealing the conviction through the state courts.  *See* 28 U.S.C. § 2254(b)(1).

## **NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).